THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* ALEXANDER JEFFERSON, Appellant.

(Argued May 6, 1884; decided June 3, 1884.)

THE nature of this action and the material facts are stated in the opinion, which is given in full.

" The defendant was convicted in the Court of Sessions of the county of Kings of the crime of murder in the first degree, for the killing of one Henry Hicks, on December 21, 1882. He now seeks to reverse that conviction for certain errors alleged to have been committed upon his trial, and which, it is claimed, operated to his prejudice before the jury.

" It is not denied that Hicks met his death at the hands of the defendant, or that the homicide occurred while the defendant was engaged in the commission of a felony, but it is claimed that the killing was unpremeditated, and the defendant not of sound mind when he discharged the gun by which the killing of Hicks was effected.

"There was some evidence tending to show the existence of an unsound mind on the part of the defendant at the time of the commission of the crime, but it was of a slight and inconclusive character.

"The question as to the defendant's sanity was left by the trial court to the jury to determine as a question of fact upon the evidence, and under a charge which was quite as favorable to the defendant as the rules of law permit, and we feel no disposition to criticise the conclusion reached by that tribunal upon the question.

"It was such, we think, as would be reached by any intelligent mind after a consideration of the evidence appearing in the record, and leaves no room to doubt the justice of the verdict.

"No exceptions were taken on the trial to the instructions given by the court to the jury, and the charge upon the material points was more favorable to the prisoner than was even called for by the defendant's requests.

"The only exception urged by the defendant's counsel upon this appeal is that taken to the ruling of the court upon the admission in evidence of certain papers found on the person of the defendant when he was arrested two days after the commission of the homicide. One of these papers was apparently signed by the defendant, and they all appeared to be monologues written by the defendant, and purporting to contain a record of the thoughts, feelings and motives operating upon his mind to induce the commission of the contemplated crime. No ground of objection was stated by the prisoner's counsel to the admission of the papers in evidence, and the only ground now urged in support of the objection is the want of identification of the papers offered, and the immateriality and irrelevancy to the offense charged in the indictment of certain portions of the statements contained in the writings.

"The proof showed that these papers in question were found upon the person of the defendant when he was arrested, and his frequent declaration to the effect that he wrote them for the purpose of having them found there in the event of his

being arrested for the crime. The evidence of identification seems abundant.

"The court, in its charge to the jury, carefully excluded from their consideration all such parts of the papers referred to as did not tend to indicate an intention on the part of the defendant to kill Celestial Jefferson at the time of the commission of the homicide charged in the indictment.

"No request was made by the prisoner's counsel of the court to charge in respect to the papers, and no exception taken to any part of his charge in relation thereto.

"After a careful examination of the evidence in the case, we are of the opinion that no error was committed by the court on the trial, and that the defendant has been fairly and impartially tried and convicted of the crime charged in the indictment.

"The evidence clearly shows that a feeling of hostility toward the inmates of the house where the homicide was committed and particularly against his brother had been entertained by the defendant for a number of days prior to its commission, and preparation on his part of the means for the accomplishment of the act had been made at least several days before its final execution. For several days previous to the homicide the defendant had made threats indicating an intention to inflict personal injuries upon the inmates of the house where his brother and the deceased Hicks resided. While no motive can ever seem to the rational mind sufficient to induce the commission of the crime of murder, yet a motive such as that which existed in this case, viz. : a feeling of revenge against a person for having, as he supposed, supplanted him in the favor of one who had formerly occupied to him the relations of a mistress, has frequently operated as a sufficient motive to persons of ill-regulated passion and ungovernable temper for the killing of a rival.

"Two lives were here sacrificed to the spirit of jealousy and revenge which animated an apparently ignorant and depraved man, and those passions in the light of all experience must be deemed the motives influencing the defendant in the commission of this crime.

"The demands of justice and the protection of society seem

clearly to require in this case that the penalties provided by the law for the punishment of the crime of murder should be imposed upon the defendant.

"The judgment of the court below should be affirmed."

*George F. Elliott* for appellant.

*Almet F. Jenks* for respondent.

RUGER, Ch. J., reads for affirmance.
All concur.
Judgment affirmed.